COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Frank
Argued at Salem, Virginia


TRACY ANTONIO DAVIS
                                          OPINION BY
v.   Record No. 2667-01-3        JUDGE ROSEMARIE ANNUNZIATA
                                         OCTOBER 15, 2002
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                    Charles M. Stone, Judge

        Joseph R. Winston, Special Appellate Counsel
        (Public Defender Commission, on briefs) for
        appellant.

        Kathleen B. Martin, Assistant Attorney
        General (Jerry W. Kilgore, Attorney General,
        on brief), for appellee.


     The trial court convicted Tracy Antonio Davis of possession

of cocaine and possession of a firearm while in possession of

cocaine.  The court sentenced him to two years and five years in

prison respectively.  The court also found that Davis had

violated probation on a previously suspended sentence.  It

consequently revoked the six-year suspended sentence and

re-suspended five years, giving him one year to serve.  On

appeal, Davis contends that:  (1) the evidence was insufficient

to prove that he possessed a firearm; and (2) the trial court

erroneously revoked his previously suspended sentence because

the court based the revocation on the conviction at issue on

appeal.  For the following reasons, we affirm the decision of the trial court.

## Background

On appeal, we view the evidence in the light most favorable to the Commonwealth, the party prevailing below, together with all reasonable inferences that may be drawn.  Ortega v. Commonwealth, 31 Va. App. 779, 786, 525 S.E.2d 623, 627 (2000) (citing Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)) (additional citation omitted).  On January 16, 2001, Officers Haynes, Coleman and Shumate of the Martinsville Police Department found Davis standing about three feet into a roadway, making it necessary for vehicles to swerve to avoid hitting him.  Haynes told Davis to move from the roadway.  He told Davis he wanted to speak with him and planned to issue him a summons for a violation of Code § 46.2-928.

Davis "took off running."  Officer Coleman pursued Davis on foot, and ultimately tackled him to the ground.  As a result, Davis' "baggy jeans" slid down to his legs.  Coleman handcuffed Davis and led him to the police car, where he was kept in custody by another officer.  Upon searching the area where Davis had fallen, Coleman recovered a stainless steel semi-automatic Fire Star .45 caliber handgun, with a loaded magazine and one round in the chamber.  Coleman had not seen any weapons in the area before or during the chase of Davis.  Additionally, Coleman never lost sight of the unoccupied area after tackling and

- 2 -

handcuffing Davis.  At trial, Davis was found guilty of possession of cocaine found in the back seat of the car where he had been sitting.[1]  Based on his past record, which also included two convictions for driving with a suspended license, and the new convictions, the court revoked Davis' six-year suspended sentence and re-suspended five years.

Davis first contends that the evidence was insufficient to convict him of the firearm charge.  He argues that the Commonwealth must present an unbroken chain of circumstantial evidence to sustain a conviction, citing Brown v. Commonwealth, 211 Va. 252, 254, 176 S.E.2d 813, 814 (1970).

Davis further asserts that the trial court erred in revoking his previously suspended sentence because the court based the revocation on his subsequent conviction, which is the basis of this appeal.  He contends that we should reverse his underlying conviction and the consequent revocation order as well.  See Resio v. Commonwealth, 29 Va. App. 616, 622, 513 S.E.2d 892, 895 (1999) (holding that if the Commonwealth relies solely upon a criminal conviction "to establish the reasonable cause necessary to revocation," the fate of the underlying conviction will determine the outcome of an appeal of a revocation order).

---

[1] We denied Davis' petition for appeal with regard to his conviction of possession of cocaine.

Analysis

When sufficiency of the evidence is challenged on appeal, we consider the evidence "in the light most favorable to the Commonwealth, the prevailing party, and grant to it all reasonable inferences fairly deducible therefrom."  Hagy v. Commonwealth, 35 Va. App. 152, 157, 543 S.E.2d 614, 616 (2001) (citation omitted).  Furthermore, "we presume the judgment of the trial court to be correct," Broom v. Broom, 15 Va. App. 497, 504, 425 S.E.2d 90, 94 (1992), and "will not set it aside unless it is plainly wrong or without evidence to support it."  Dodge v. Dodge, 2 Va. App. 238, 242, 343 S.E.2d 363, 365 (1986).

Circumstantial evidence is sufficient to sustain a finding of guilt if it excludes those reasonable hypotheses of innocence that "flow from the evidence, not those that spring from the imagination of the defendant."  Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).  Whether a hypothesis of innocence is reasonable is a finding of fact, binding on appeal, unless plainly wrong.  See Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999).

"[T]he possession necessary to support a conviction for the possession of a firearm may be actual or constructive."  Grier v. Commonwealth, 35 Va. App. 560, 570, 546 S.E.2d 743, 747-48 (2001).  Constructive possession may be established by evidence of acts, statements or conduct of the accused, or other

- 4 -

circumstances that show the defendant was aware of the presence and character of the weapon and that he exerted control and dominion over it. Id.

For a conviction to rest properly on circumstantial evidence, an unbroken chain of circumstances proving the defendant's guilt must be established. See Gordon v. Commonwealth, 212 Va. 298, 300, 183 S.E.2d 735, 737 (1971). In Gordon, the police observed the defendant holding a manila envelope before a chase ensued. When the police caught the defendant, he no longer had the envelope. Police later recovered a manila envelope containing drug paraphernalia in the area where the chase occurred. The Supreme Court held the evidence insufficient to prove possession. A "fatal gap in circumstantial evidence" arose in Gordon because no one observed the defendant dispose of the envelope during the chase, and the police recovered it near a "fairly busy" street after a period of time had elapsed. See id. at 300-01, 183 S.E.2d at 737.

The holding in Gordon is distinguishable and is not dispositive of the issue presented in this appeal. First, the police in Gordon discovered the drugs near a "fairly busy" street, while in the instant case, Haynes found the firearm in a relatively private area where no other individuals were seen prior to the time Davis was tackled to the ground. Davis conceded at oral argument that the gun was not placed in the area after his struggle with the police. Additionally, the

chase in Gordon occurred at approximately 2:15 p.m. in the afternoon. In the case at bar, the police chased and arrested Davis after 10:00 p.m. See Johnson v. Commonwealth, 12 Va. App. 150, 153, 402 S.E.2d 502, 504 (1991) (finding no break in the chain of circumstances, partly distinguishing Gordon on the grounds that the drugs were found in a "relatively private area").

Second, the officer found the firearm at the exact location where he tackled Davis and where Davis' "baggy jeans" fell around his legs. No firearm was present in the area before or during Coleman's pursuit of Davis, and Coleman never lost sight of the area after he tackled Davis. These facts support the inference that Davis had the firearm on his person and that it fell from his pants when he was tackled. See Powell v. Commonwealth, 27 Va. App. 173, 178-79, 497 S.E.2d 899, 901 (1998) (holding that the fact the drugs were found precisely where the appellant would have dropped an object supports the inference that he possessed the drugs and discarded them behind his back). Conversely, in Gordon, the police lost sight of the defendant twice during their pursuit, had not observed him discard the envelope, and did not find the envelope near the defendant when they arrested him.

Accordingly, we find the evidence was sufficient to support Davis' conviction beyond a reasonable doubt.[2]

Affirmed.

---

[2] Having found the trial court did not err in convicting Davis of possession of a firearm while in possession of cocaine, we also find that Davis' claim that the trial court erroneously considered the conviction in revoking Davis' suspended sentence is without merit.