McCLANAHAN, J.,
concurring.
I agree that Edmonds’s conviction for feloniously failing to appear on July 17, 2002, should be reversed. However, I would do so on different grounds. I believe that it is unnecessary that this Court reach the issue of when a trial court can be deemed to have taken judicial notice of certain evidence, because even if the trial court in this case had taken judicial notice of the warrant for Edmonds’s arrest that was contained in the court file, that evidence was insufficient as a matter of law to show that Edmonds had notice of the scheduled hearing.[3]
In footnote 2, the majority states that the issue of whether the required notice to appear was proven was not argued. I *204 disagree. The question presented—“[w]hether the trial court committed reversible error by finding the evidence sufficient to support appellant’s conviction for failure to appear”; the assignment of error—“[t]he trial court erred by finding the evidence sufficient to convict appellant of failure to appear where no evidence was presented that appellant had notice of the original court date”; and Edmonds’s brief at pages 4 and 5 all indicate that Edmonds’s chief argument on appeal is that the Commonwealth failed to prove that she had notice of the July 17 proceedings.
The Commonwealth did not offer any such proof, and there is none in the trial record. The warrant that was contained in the record does not offer any information from which the trial court could conclude that the Commonwealth had proven beyond a reasonable doubt that Edmonds had notice of a scheduled hearing on that date. The warrant contains one service date of May 25, 2002, and seven dates under the heading, “Hearing Date and Time,” four of which, including July 17, 2002, are crossed out. The warrant does not offer any information regarding whether the July 17, 2002 date was written on or after the date Edmonds was served with the warrant. Rather, above the July 17 date appearing on the warrant is a date of May 30, which is also crossed out. No evidence was introduced regarding what occurred or what was supposed to occur on the May 30 date, nor did the Commonwealth present evidence of sequential orders or argue that the July 17 date was a continuance of an earlier trial date. See Hunter v. Commonwealth, 15 Va.App. 717, 722, 427 S.E.2d 197, 200-01 (1993). No evidence was introduced regarding standard police procedure for apprising defendants of hearing dates generally, or that such procedure was followed in this case. The only witness to testify at Edmonds’s trial was Collins, the loss-prevention officer at the Wal-Mart store, and he did not testify to having told Edmonds to appear in court on July 17.[4]
*205 Thus even with the warrant, there was no evidence from which a rational fact finder could conclude beyond a reasonable doubt that Edmonds was given notice of the July 17 hearing, or that in some other way, her failure to appear was willful. Id. (citing Smith v. United States, 583 A.2d 975 (D.C.1990)). Because Edmonds’s conviction for failure to appear must be reversed on that ground, this Court need not, and indeed should not, reach the question—a question the appellant’s brief never articulates or enumerates—of whether a trial court can be deemed to have taken judicial notice of a document when it did not do so explicitly on the record.

. Notice of a scheduled court hearing is evidence of willfulness, an essential element of the charged offense. See Code § 19.2-128; Hunter v. Commonwealth, 15 Va.App. 717, 721, 427 S.E.2d 197, 200 (1993); see also Davis v. Commonwealth, 39 Va.App. 96, 99, 570 S.E.2d 875, 877 (2002). Importantly, other than relying on the warrant to establish notice, the Commonwealth introduced no evidence that Edmonds’s failure to appear was willful.

. The only testimony Collins offered regarding Edmonds’s failure to appear was when the Commonwealth asked him, "Were you in court *205 on, I believe July 16th and August 29th when these cases were scheduled in General District Court?,” to which he replied that he had been present on, "both of these days,” and Edmonds had not. Neither July 16th nor August 29th, however, is the date of the charged offense of willful failure to appear.