COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Humphreys and Haley
Argued at Salem, Virginia


RAY ALLEN ABBETT

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 3075-06-3                      JUDGE ROBERT P. FRANK
                                                    MARCH 11, 2008
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                             Mosby G. Perrow, III, Judge

            Joseph A. Sanzone (Sanzone & Baker, P.C., on brief), for appellant.

            Benjamin H. Katz, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Ray Allen Abbett, appellant, was convicted, in a bench trial, of thirteen (13) counts of credit

card fraud, in violation of Code § 18.2-195.  On appeal, appellant challenges the sufficiency of the

evidence, contending that he had permission to use the ATM cards in question.  For the reasons

stated, we affirm the trial court.

                                        ANALYSIS

        Appellant argues there was no intent to defraud since he had permission to use the ATM

cards.[1]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Code § 18.2-195 states in part:

        (1) A person is guilty of credit card fraud when, with intent to
            defraud any person, he:

                (a) Uses for the purpose of obtaining money, goods,
                    services or anything else of value a credit card or credit
                    card number obtained or retained in violation of
                    [Code] § 18.2-192 or a credit card or credit card
                    number, which he knows is expired or revoked.

When faced with a challenge to the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence' to support it." Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). A reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original). We ask only whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly, 41 Va. App. at 257, 584 S.E.2d at 447. "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Id. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

F.C., owner of the company that employed appellant, maintained a "dormant" company account with the Bank of the James. At some point, F.C. learned that there had been numerous unauthorized deposits made into the Bank of the James account that should have been deposited into the company's primary account with Wachovia.

F.C. was unaware that the Bank of the James had issued ATM cards associated with the company's dormant account. F.C. testified he never gave appellant permission to use the cards.

Between January 9, 2006, and March 3, 2006, thirteen withdrawals were made with the Bank of the James ATM cards. F.C. testified no one had permission to make any of those withdrawals. A video surveillance camera showed appellant making the withdrawals.

Appellant, in an interview with Investigator J.C. Romano of the Lynchburg Police Department, admitted using the ATM cards and making the withdrawals. He further said he had no permission to make withdrawals, nor to use the cash for any personal use. Appellant did, however, purchase personal items with the cash obtained from the withdrawals.

At trial, appellant testified F.C. gave him permission to use the Bank of the James ATM cards. He also confirmed that he did make the withdrawals in question.

The trial court, in rejecting appellant's testimony, found appellant used the ATM cards without F.C.'s permission or authority and that appellant used the proceeds for his personal use. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trier of fact is not required to accept a witness' testimony, but instead is free to "rely on it in whole, in part, or reject it completely." Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).

We conclude that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly, 41 Va. App. at 257, 584 S.E.2d at 447. We, therefore, affirm the convictions.

Affirmed.