COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Kelsey and Huff
Argued at Chesapeake, Virginia


KEGAN MICHAEL BILGER

                                        MEMORANDUM OPINION[*] BY
v.      Record No. 0605-10-1           CHIEF JUDGE WALTER S. FELTON, JR.
                                             NOVEMBER 29, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF YORK COUNTY
Robert W. Curran, Judge Designate

Breckenridge Ingles (Martin, Ingles & Ingles, Ltd., on brief), for
appellant.

Josephine F. Whalen, Assistant Attorney General II (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Kegan Michael Bilger ("appellant") appeals his conviction for driving under the influence of

alcohol, in violation of Code § 18.2-266, following a bench trial in the Circuit Court of York

County ("trial court"). Appellant contends the trial court erred "to the extent that it applied" the

rebuttable presumption of Code § 18.2-269, that one with a blood alcohol level of 0.08% or higher

is presumed to be under the influence of alcohol, to the result of appellant's blood alcohol test taken

shortly after his involvement in an accident while driving. Appellant's Br. at 1. Appellant further

contends the evidence was insufficient to convict him of driving under the influence of alcohol.

I. BACKGROUND

Just after midnight on July 29, 2009, appellant overturned his 1999 Chevrolet Blazer,

landing it upside down, while driving the vehicle out of the parking lot of a restaurant in York

County, Virginia. Appellant had driven the length of six parking spaces when he flipped the Blazer

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

onto its roof. He extricated himself from the Blazer by "disconnect[ing]" his seatbelt, resulting in his landing on his head inside the Blazer. Once he was able to remove himself from the overturned vehicle, his first call was to his insurance company. A company representative advised him to call emergency services, which he did. An ambulance responded to the scene within fifteen minutes of the accident.

Deputy Jason Houston of the York County Sheriff's Department arrived on the scene at about 12:44 a.m. He found appellant sitting on the curb near his overturned vehicle, being attended to by emergency medical personnel who had already arrived at the scene.[1]

Appellant admitted to Deputy Houston that he had been driving the Blazer at the time it overturned. He told the deputy that he attempted to put a "chew" of tobacco in his mouth when he lost control of the vehicle and it flipped over. He stated he consumed four twenty-two ounce beers at the restaurant, ate only a bowl of chowder during the six hours he was there, and denied having anything to drink after the accident. Deputy Houston testified that a strong odor of alcohol emanated from appellant during their conversation.

Paramedics took appellant to a nearby hospital.[2] At approximately 1:40 a.m., Deputy Houston arrived at the hospital and again talked with appellant. At the hospital, appellant consented to having his blood drawn for a blood alcohol test. Appellant was not under arrest when he consented to having his blood drawn.

A nurse drew appellant's blood using a standard, sealed Virginia Department of Forensics blood analysis kit and a hospital-supplied syringe kit. The certificate of analysis of appellant's blood sample revealed that his blood alcohol content was 0.11%.

---

[1] Appellant testified that the paramedics immobilized his head and neck and strapped him to a backboard, as a result of his landing on his head after opening his seatbelt.

[2] Deputy Houston remained at the accident scene to await the removal of appellant's vehicle from the site.

At trial, when the Commonwealth moved to admit the certificate of analysis into evidence, appellant objected, arguing that the Commonwealth failed to show the blood was withdrawn consistent with the procedures required by Code § 18.2-268.5.[3] Rejecting appellant's argument, the trial court admitted the certificate of analysis into evidence. After the Commonwealth rested its case, appellant moved to strike the Commonwealth's evidence, arguing that, because the blood sample was not taken pursuant to Code § 18.2-268.2 (implied consent to post-arrest testing to determine drug or alcohol content of blood) the statutory permissible presumption of Code § 18.2-269 was inapplicable to the blood alcohol test result. Appellant contended that absent the Code § 18.2-269 presumption, the Commonwealth was required to produce a toxicologist in the trial court to explain the meaning of the test results. The Commonwealth asserted that even without the benefit of the Code § 18.2-269 presumption or expert testimony as to the meaning of the test result, the circumstantial evidence presented at trial was sufficient to establish a *prima facie* showing that appellant was driving under the influence of alcohol at the time he overturned his vehicle. In denying appellant's motion to strike the Commonwealth's evidence, the trial court stated it "agree[d] with the Commonwealth" and that the evidence, including "the circumstantial evidence [and] . . . the admission by [appellant] that he had consumed four [twenty-two] ounce beers," was sufficient to make a *prima facie* showing that appellant was driving under the influence of alcohol.

Appellant testified in his defense. He told the trial court he had been at the restaurant since 6:00 p.m. the evening the accident occurred, that he had consumed four twenty-two ounce beers at the restaurant, and that he ate a bowl of chowder at about 9:00 p.m. He asserted, for the first time

---

[3] Code § 18.2-268.5 specifies which licensed medical professionals may withdraw blood from an accused "for the purpose of determining [the blood's] alcohol . . . content," and the sterilization methods that must be used on "the part of the [accused's] body from which the blood is taken," as well as the medical instruments to be used.

at trial, that as he drove out of the parking lot, he was attempting to put chewing tobacco in his mouth when his flip-flop came off and wedged itself against the accelerator, resulting in the Blazer flipping onto its roof.

Appellant renewed his motion to strike the Commonwealth's evidence after all the evidence had been presented. He again asserted the statutory presumption of Code § 18.2-269 did not apply, that absent the presumption or expert testimony, the result of the blood alcohol test reported on the certificate of analysis was meaningless, and that the remaining evidence was insufficient to prove he was guilty of driving while under the influence of alcohol. The Commonwealth contended that even without the benefit of the certificate of analysis, the other combined evidence was sufficient to prove beyond a reasonable doubt that appellant was driving under the influence of alcohol at the time of the accident. From the evidence presented, the trial court found appellant guilty of driving under the influence of alcohol, in violation of Code § 18.2-266.[4] For the following reasons, we affirm the judgment of the trial court.

## II. ANALYSIS

### Code § 18.2-269 Intoxication Presumption

Appellant asserts the "trial court erred *to the extent that it applied* the [Code] [§] 18.2-269 presumption[] to the blood alcohol result shown in the certificate of analysis." Appellant's Br. at 1 (emphasis added). He asserts "*[i]f the trial court followed the law*, the court could not apply the presumption[] set forth in [Code §] 18.2-269" in assessing whether he drove under the influence of alcohol. Id. at 4 (emphasis added).

Absent evidence to the contrary, we presume the trial court knew and correctly applied the applicable law. Marshall v. Commonwealth, 26 Va. App. 627, 637, 496 S.E.2d 120, 125 (1998).

---

[4] Code § 18.2-266 provides, in pertinent part, that "[i]t shall be unlawful for any person to drive or operate a motor vehicle . . . while such person is under the influence of alcohol."

"'[T]he judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts.'" Groves v. Commonwealth, 50 Va. App. 57, 61, 646 S.E.2d 28, 30 (2007) (quoting Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977)). Absent "'clear evidence to the contrary'" in the record, we will not assume the trial court erred in its judgment. Id. (quoting Yarborough, 217 Va. at 978, 234 S.E.2d at 291).

Nothing in the record on appeal demonstrates that the trial court applied any statutory presumption set forth in Code § 18.2-269 to appellant's blood alcohol test result shown on the certificate of analysis. In finding appellant guilty of driving under the influence of alcohol, the trial court emphasized its reliance on the photographs of the accident taken at the scene and the "circumstantial evidence, in particular but not limited to, the admission by [appellant] that he had consumed four [twenty-two] ounce beers" before the accident. While appellant's argument presupposes that the trial court erroneously relied on the rebuttable presumption authorized by Code § 18.2-269, that one with a blood alcohol content of 0.08% or higher is presumed to be under the influence of alcohol, nothing in the trial court's stated analysis supports appellant's assertion. To the contrary, the record shows that the trial court considered the totality of the evidence and did not rely on the statutory presumption of Code § 18.2-269.

### Sufficiency

When faced with a challenge to the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). A reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). Rather, we ask whether "'*any* rational trier of fact could have found the

- 5 -

essential elements of the crime beyond a reasonable doubt.'" Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319).

The totality of the evidence presented at appellant's trial included Deputy Houston's testimony that when he arrived at the scene of the accident, he detected a strong odor of alcohol emanating from appellant; that appellant admitted that he had been at a restaurant since 6:00 p.m. the evening of the accident, consumed eighty-eight ounces of alcohol, and ate only a bowl of chowder while he was there; that while appellant was driving, he flipped his vehicle within the span of six parking spaces; and that, when he extricated himself from his overturned vehicle with glass fragments in his eye, landing on his head and neck, he first called his insurance carrier rather than emergency medical services. A blood sample taken shortly after the accident revealed alcohol in appellant's blood.[5] The trial court "was entitled to evaluate" and either accept or reject appellant's assertion that placing chewing tobacco in his mouth and catching his flip-flop on the accelerator caused him to overturn his vehicle. Commonwealth v. Hudson, 265 Va. 505, 517, 578 S.E.2d 781, 787 (2003). "It is clear that the [trial court] rejected [appellant's] theory as unreasonable." Id. As other courts have recognized, "[u]nexplained erratic driving which causes a serious accident is an indicia of the influence of alcohol." State v. Seibel, 471 N.W.2d 226, 234 (Wis. 1991).

From the record on appeal, we conclude the totality of the evidence presented at trial supported the trial court's finding beyond a reasonable doubt that appellant was "under the influence of alcohol," Code § 18.2-266, when he overturned his vehicle on July 29, 2009.

For these reasons, we affirm the judgment of the trial court.

Affirmed.

---

[5] A fact finder needs no training, expert testimony, or statutory presumption to understand, based on the certificate of analysis, that some alcohol existed in appellant's blood at the time he was tested.