COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Felton, Judges McCullough and Huff
Argued by teleconference


JOSHUA WAYNE DELLINGER

v.        Record No. 1685-11-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE STEPHEN R. McCULLOUGH
JULY 10, 2012


FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
Dennis L. Hupp, Judge

Charles B. Ramsey (Charles Ramsey, Attorney at Law, on briefs),
for appellant.

Steven A. Witmer, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Joshua Wayne Dellinger appeals his felony conviction for receiving stolen property. He

argues that the trial court erred in finding that the value of the stolen property received by appellant

had a value of $200 or more. We disagree and affirm his conviction.

BACKGROUND[1]

Appellant was charged with burglary, grand larceny, and two conspiracy counts. Donald

Berry testified that he and appellant hatched a plan to break into a grocery store. According to

Berry, appellant and Berry smashed a store window with a spark plug and proceeded to steal lottery

tickets, cigars, and approximately seventy-five to eighty cartons of cigarettes, including Marlboro,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] As the parties are fully conversant with the record in this case and because this
memorandum opinion carries no precedential value, this opinion addresses only those facts and
incidents of the proceedings as are necessary to the parties' understanding of the disposition of
this appeal.

Kool, Salem, and Newport brand cigarettes. The owner of the convenience store testified that, at the time, a carton of cigarettes retailed for approximately $40. According to Berry, appellant took the cigarettes and placed them in the dresser of an unoccupied bedroom in appellant's residence. Berry then left with Mike Coates, who was residing with Berry and appellant at appellant's residence, and drove to convenience stores to cash winning lottery tickets.

Police searched appellant's home the day after the burglary. When police first walked in, they discovered a large cardboard box containing empty cigar cartons and cigars. In an unoccupied bedroom, police found cartons of, among other brands, Marlboro, Kool, and Newport cigarettes, along with some cigars. These items were on top of and inside a dresser. Police recovered empty packs of Newport brand cigarettes in several rooms. In a burn barrel outside, police found traces of some lottery tickets and clothing.

Appellant denied knowing anything about the burglary and stated that no one had brought anything to his residence. As he was being fingerprinted, however, he stated "[w]ish I would have cooperated and let you search. I only got a few packs of cigarettes out of it."

At the conclusion of the trial, the court stated that "if the burden of proof was something less than beyond a reasonable doubt," the trial court would find appellant guilty of all charges. The trial court, while noting that Berry's testimony was "[f]or the most part" believable, found reasonable doubt for some of the charges based on some discrepancies in Berry's testimony. On this basis, the trial court acquitted appellant of the two conspiracy charges and of the burglary charge. The trial court convicted appellant of receiving stolen property having a value of $200 or more. The trial court found that the statement appellant made during fingerprinting was significant because it reflected appellant's knowledge that the stolen goods were in his house and, furthermore, that he had received part of the fruits of the crime. At sentencing, the trial court stated that appellant had been "acting in concert."

ANALYSIS

## I. DEFENSE COUNSEL PROPERLY PRESERVED THE ISSUE.

We first address the Commonwealth's argument that appellant's assignment of error is procedurally defaulted. At sentencing, defense counsel argued that he was "not sure" that appellant's statement established a value of $200. The trial court rejected the argument, noting "I already found him guilty of the felony, didn't I?" The Commonwealth takes no issue with the timing of the objection, but argues that defense counsel essentially was making a plea for mercy rather than lodging a clear objection with regard to the value of the stolen goods.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "The primary function of Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals [and] reversals . . . ." Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (*en banc*). The trial court plainly understood counsel's statement to be in the nature of an objection to the finding of a felony, which requires proof of value of $200 or more. Therefore, defense counsel alerted the trial court to the issue and we find the statements sufficient to preserve the point for appellate review.

## II. THE EVIDENCE WAS SUFFICIENT FOR A FINDING OF GUILT.

When faced with a challenge to the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). A reviewing court does not "'ask itself whether *it* believes that the

evidence at the trial established guilt beyond a reasonable doubt.'" Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original) (quoting Woodby v. INS, 385 U.S. 276, 282 (1966)). It asks instead whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). "The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact." Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991).

Code § 18.2-108 states: "If any person buys or receives from another person, or aids in concealing, any stolen goods . . . knowing the same to have been stolen, he shall be deemed guilty of larceny thereof, and may be proceeded against, although the principal offender is not convicted." The Supreme Court of Virginia has established that to prove this offense by showing receipt, the Commonwealth must demonstrate that the property was "'previously stolen by some person other than the accused; that the accused received the [property] from such other person; that at the time he received [the property] he knew [it] had been stolen; and that he received [it] with dishonest intent.'" Whitehead v. Commonwealth, 278 Va. 105, 112, 677 S.E.2d 265, 269 (2009) (quoting Reaves v. Commonwealth, 192 Va. 443, 449, 65 S.E.2d 559, 563 (1951)).

A conviction under this statute is classified as a larceny. Therefore it must be read together with Code §§ 18.2-95 and 18.2-96 to determine the degree of larceny. See Wright v. Commonwealth, 196 Va. 132, 133, 82 S.E.2d 603, 604 (1954). The only issue raised on appeal is whether the value of the stolen goods reached the $200 threshold to constitute grand larceny.

The evidence established that approximately seventy-five to eighty cartons of cigarettes worth approximately $40 each were stolen. The evidence also established a value of at least $3,000 for the stolen cigarettes. Photographs introduced at trial showed cartons worth well more than $200 on and inside a dresser in a room in appellant's home.

Appellant argues that his statement that he only received "a few" cigarettes demonstrates that his receipt of stolen goods does not meet the $200 threshold. He reasons that the evidence indicates that packs of cigarettes sell for $5 to $7, and no evidence shows that he received $40 cartons of cigarettes. We disagree with this argument for several reasons.

The trial court accepted the appellant's statement as evidence of his guilty knowledge. The court did not interpret that statement as the definitive word on the extent of the stolen goods received by appellant. Moreover, appellant did not state that he *received* only a few packs of stolen cigarettes. He stated instead that he "only got a few packs of cigarettes out of it." The fact that appellant's share or cut of the theft may have only been a few packs of cigarettes does not alter the fact that he received stolen goods worth more than $200. In other words, there is a distinction between concealing stolen goods worth $200 or more, which is what Code § 18.2-108 prohibits, and the proceeds that flow to the person as a reward for concealing the stolen goods. The evidence fully supports the trial court's conclusion that appellant, acting in concert, received more than $200 in stolen merchandise.

Appellant also relies on his trial testimony that he was unaware of the presence of cigarettes in his house and that he had not gone into the room where the cartons of cigarettes were found. It is well established, however, that "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). The trial court was entitled to accept in part and reject in part the testimony offered by appellant as well as Donald Berry. See, e.g., Hopkins v. Commonwealth, 230 Va. 280, 293, 337 S.E.2d 264, 272-73 (1985). Nothing in the trial court's statements indicated that it rejected Berry's testimony *in toto*. The fact that the court found Berry's testimony insufficient to establish appellant's guilt beyond a reasonable doubt on the burglary

and the conspiracy charges does not mean that the court could not consider Berry's testimony with regard to appellant's role in accepting the stolen merchandise. Indeed, the trial court found Berry's testimony was "[f]or the most part . . . believable" and concluded that appellant had acted in concert with Berry with regard to concealing the stolen merchandise. The fact that the trial court concluded that appellant was acting in concert means that the trial court accepted, in part, Berry's testimony because no other witness testified to those facts. Viewing, as we must, the evidence in the light most favorable to the party who prevailed at trial, Baylor v. Commonwealth, 55 Va. App. 82, 84, 683 S.E.2d 843, 844 (2009), we find the evidence sufficient to establish that the value of the stolen goods was $200 or more.

CONCLUSION

For these reasons, we affirm the judgment of the trial court.

Affirmed.