# VIRGINIA:

*In the Court of Appeals of Virginia on*   **Tuesday**   *the*  **17th**  *day of*  **January, 2017**.

Carlun Fontaine Hart,                                                                                        Appellant,

against               Record No. 2074-15-1
                      Circuit Court No. CR15001513-00

Commonwealth of Virginia,                                                                          Appellee.

Upon a Petition for Rehearing

Before Judges Beales, Chafin and Senior Judge Bumgardner

On December 19, 2016 came the Commonwealth, by the Attorney General of Virginia, and filed a petition praying that the Court set aside the judgment rendered herein on December 6, 2016, and grant a rehearing thereof.

On consideration whereof, the petition for rehearing is granted by the panel, the mandate entered herein on December 6, 2016 is stayed pending the decision of the Court, and the appeal is reinstated on the docket of this Court.

The parties hereby are directed to be prepared to address  at oral argument of this case before a panel of judges of this Court the effect on this case of the decision of the Supreme Court of Virginia in Commonwealth of Virginia v. Heather Hogston Lambert, Record No. 160132, 2016 Va. Lexis 189 (Va. Dec. 15, 2016).

Pursuant to Rule 5A:35(a), the respondent Hart shall file an answering brief within 21 days of the date of entry of this order.  An electronic version of the brief shall be filed with the Court and served on opposing counsel.[1]   In addition, four printed copies of the answering brief shall be filed.

A Copy,
Teste:

Cynthia L. McCoy, Clerk

*original order signed by a deputy clerk of the*
By:    *Court of Appeals of Virginia at the direction*
       *of the Court*

Deputy Clerk

---

[1]  The guidelines for filing electronic briefs can be found at www.courts.state.va.us/online/vaces/resources/guidelines.pdf.

COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Chafin and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


CARLUN FONTAINE HART

MEMORANDUM OPINION[*] BY
v.      Record No. 2074-15-1      JUDGE RANDOLPH A. BEALES
DECEMBER 6, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
C. Peter Tench, Judge

Barbara E. Rosenblatt, Assistant Public Defender, for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Carlun Fontaine Hart ("appellant") was convicted in a bench trial of misdemeanor assault

and battery in violation of Code § 18.2-57.[1] The circuit court sentenced appellant to twelve

months in jail, and then suspended all twelve months of his sentence. Appellant challenges the

sufficiency of the evidence in support of that conviction by arguing that the circuit court "erred

by finding that Hart assaulted and battered [D.W.] because Hart was acting in his capacity as a

'school security officer' as defined in § 18.2-57(F)."

ANALYSIS

Because this memorandum opinion carries no precedential value, we recite only those

facts and incidents of the proceedings as are necessary to the parties' understanding of the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also charged with one count of cruelty and injury to a child in violation
of Code § 40.1-103. At the conclusion of the Commonwealth's evidence, the circuit court
granted appellant's motion to strike the evidence as to that charge.

disposition of this appeal. We consider the evidence on appeal "in the light most favorable to the Commonwealth, as we must since it was the prevailing party" in the circuit court. Beasley v. Commonwealth, 60 Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004)).

Appellant contends that the evidence was insufficient to prove that he committed an assault and battery against D.W. The evidence at trial established that appellant was employed at the Achievable Dream Academy in Newport News as a "student coordinator." Among his duties, appellant helped resolve discipline issues with the students. At the conclusion of appellant's bench trial, the trial judge plainly found as fact that appellant pushed D.W. into a refrigerator in the teachers' lounge. The trial judge stated from the bench that appellant's pushing of D.W. into the refrigerator served as *the basis for appellant's conviction for assault and battery*. ("I note one of the teachers indicating the pushing into the machine. *I think that constitutes an assault. I do find you are guilty as charged in Indictment 01513-15, the assault and battery.*" (emphasis added)). Under settled law, a trial court's finding of fact will be disturbed only if it was plainly wrong or without evidence to support it. Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002). Although we are mindful of this deferential standard of appellate review, we conclude that the circuit court's factual conclusion that appellant pushed D.W. into a refrigerator was plainly wrong based upon our review of the record before us.

The factual determination that appellant pushed D.W. into a refrigerator is contrary to the evidence and the testimony of the witnesses at trial. Paula Francis, a teacher at the Achievable Dream Academy, testified that she was standing at the door of the teachers' lounge when she witnessed appellant leading D.W. out of the cafeteria. She noticed that appellant's hand was on D.W.'s elbow. Francis testified, "After they came into the teacher's lounge, I didn't see Mr. Hart with his hands on him." She also clarified a prior statement she had made in writing after the

- 2 -

incident, by testifying that she saw appellant "put [D.W.] next to the refrigerator." In that prior written statement, Francis had allegedly stated that she had seen appellant push D.W. into a refrigerator. However, Francis's prior written statement was never admitted into evidence and is not contained in the record on appeal. Francis never testified at trial that she ever saw appellant push D.W. into a refrigerator (or a machine) in the teachers' lounge. In fact, her only admitted testimony contradicts the circuit court's finding of fact on which the circuit court specifically based its finding of guilt. She testified that appellant's hand was on D.W.'s elbow as appellant "brought [D.W]. into the teachers' lounge" and "put him next to the refrigerator."

Charlotte Bordino, a fourth grade teacher at the school, testified that she witnessed D.W. yelling and causing a commotion in the cafeteria. She then saw appellant attempt to guide D.W. out of the cafeteria. She testified that D.W. continued to yell as appellant escorted him to the teachers' lounge. Bordino did not see appellant push or shove D.W. into a refrigerator, but she was apparently not inside the teachers' lounge at the time. Delesheema Bonner is another teacher at the school. While inside the teachers' lounge, she looked into the hallway and saw D.W. on the ground yelling at appellant. She also did not testify, for example, that she saw appellant ever shove D.W. – or push him into a refrigerator in the teachers' lounge.

Importantly, not even D.W. testified that appellant pushed him into a refrigerator in the teachers' lounge (although he did allege that appellant had punched him). Nevertheless, at the conclusion of appellant's bench trial, the trial judge explicitly found that appellant's alleged action of pushing D.W. into the refrigerator constituted an assault, and, therefore, served as the basis for appellant's conviction for assault and battery. Upon a review of the record, the only possible evidence in support of the circuit court's finding that appellant pushed D.W. into a refrigerator (or a machine) was apparently a prior written statement of witness Paula Francis that was not ever admitted as evidence at trial and is not contained in the record on appeal – and where Francis

testified completely differently on this key issue at trial. "The judgment of the trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will not be disturbed on appeal unless 'plainly wrong or without evidence to support it.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Code § 8.01-680).

At the conclusion of the trial, the circuit court stated, "I note one of the teachers indicating the pushing into the machine [refrigerator]. *I think that constitutes an assault*. I do find you are guilty as charged in Indictment 01513-15, the assault and battery." (Emphasis added). "Under basic principles of appellate review, we may not go beyond the record developed in the trial court." Boyd v. County of Henrico, 42 Va. App. 495, 505 n.4, 592 S.E.2d 768, 773 n.4 (2004). Because the circuit court based its finding of guilt upon a factual conclusion that was contrary to the evidence admitted at trial – and is simply not supported by the record on appeal, we find that the circuit court's judgment was plainly wrong.

CONCLUSION

In summary, the circuit court explicitly based its finding of appellant's guilt of assault and battery upon statements allegedly made by teacher Paula Francis that were never admitted at trial – and which were actually contradicted by the teacher's actual testimony at trial. Therefore, the circuit court's finding of fact that appellant pushed D.W. into a refrigerator – on which it explicitly relied in finding appellant guilty of assault and battery – was plainly wrong. For these reasons, we reverse and dismiss appellant's conviction for assault and battery under Code § 18.2-57.

Reversed and dismissed.