COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Humphreys
Argued at Richmond, Virginia


DENNA KAYE MYERS
                                                          OPINION BY
v.      Record No. 1581-03-2                      JUDGE ROBERT P. FRANK
                                                          MAY 25, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AMELIA COUNTY
Thomas V. Warren, Judge

Joseph M. Teefey, Jr. (Teefey & Teefey, on brief), for appellant.

Leah A. Darron, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


        Denna Kaye Myers (appellant) was convicted in a bench trial of grand larceny, in violation

of Code § 18.2-95, and of possession of a firearm by a convicted felon, in violation of Code

§ 18.2-308.2.  On appeal, he contends the trial court erred in finding the evidence was sufficient to

convict.  As we agree with appellant that the evidence was insufficient to prove the elements of the

offenses, we reverse the judgment of the trial court.

BACKGROUND

        On February 8, 2003, Amelia County Deputy Sheriff William Ford observed a green pickup

truck run a stop sign at the intersection of Routes 360 and 697, approximately 1,000 feet from Jason

Hooley's welding shop.  The driver of the truck, responding to Ford's emergency lights, initially

pulled over into a parking lot.  However, as Deputy Ford exited his vehicle, the truck drove off.

Ford chased the truck for four miles.  Eventually, the high-speed chase ended when the truck drove

into a yard at the end of a dead-end street.  At this point, the driver jumped out of the truck and fled.

The truck's other occupant, appellant, who was a paraplegic,[1] remained in the passenger seat. The deputy's investigation uncovered an outstanding capias for appellant.

Appellant was transported to the sheriff's office, and the truck was transported to the sheriff's parking lot. Ford "secured" the truck by locking the doors. He kept the key in his possession. The next morning, Ford searched the truck. He noticed "a lot of garbage in the floor board." He also found "blankets, a jacket, just some junk laying in the [passenger-side] front floor board of the truck." Ford also found a .32 revolver wrapped in a blanket on the front floorboard. The weapon was not registered to appellant or the driver.

Later that same day, Deputy Ford returned to the yard where the truck had stopped. He recovered a .22 Ruger target pistol lying approximately sixty feet from where the driver's side of the truck had come to rest. Hooley identified this gun as his, indicating it was stolen from his vehicle at the welding shop. He had last seen the gun on February 7, 2003, and did not notice it was missing until a few days later.

The Commonwealth proved appellant had a prior felony conviction. Appellant did not present any evidence. He moved to strike the evidence, maintaining no evidence proved he had knowledge, dominion, and control over the gun on the floorboard. He further argued he was physically unable to throw the .22 pistol sixty feet from the driver's side of the truck. Appellant suggested the driver, Mays, possessed and disposed of that weapon. He also argued none of the evidence indicated he was involved in the theft of the gun. The trial court overruled the motions and found appellant guilty of both offenses.

---

[1] The record does not detail the extent of appellant's disability beyond Ford's testimony that appellant was unable to walk and that he was transported to the sheriff's office by an ambulance.

ANALYSIS

A. Standard of Review

> When faced with a challenge to the sufficiency of the evidence, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence" to support it. Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (citations omitted); see also McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*)).
>
>   \*   \*   \*   \*   \*   \*   \*
>
> Put another way, a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original and citation omitted). We must instead ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319 (emphasis in original)); see also Hoambrecker v. City of Lynchburg, 13 Va. App. 511, 514, 412 S.E.2d 729, 731 (1992) (observing that the question on appeal is whether "a rational trier of fact could have found the essential elements" of the convicted offense). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319).

Crowder v. Commonwealth, 41 Va. App. 658, 662-63, 588 S.E.2d 384, 386-87 (2003).

The Attorney General argues Maryland v. Pringle, 124 S. Ct. 795 (2003), and Commonwealth v. Hudson, 265 Va. 505, 578 S.E.2d 781, cert. denied, 124 S. Ct. 444 (2003), substantially narrowed appellate review of sufficiency arguments. We disagree with this interpretation of these cases.

Pringle examined whether the police had probable cause to arrest an occupant of a vehicle for possession of drugs. 124 S. Ct. at 799. Pringle was the front seat passenger in a car where an officer found $763 in "rolled-up cash" in the glove compartment and "five glassine baggies" of cocaine between the backseat armrest and the backseat. Id. at 798. The Supreme

Court, in affirming the finding of probable cause to arrest, concluded it was "an entirely reasonable inference from these facts that any or all three of the occupants" possessed the cocaine found in the car. Id. at 800. This analysis occurred in the context of discussing a finding of probable cause necessary for an arrest, not a finding of proof beyond a reasonable doubt to prove guilt. Nothing in Pringle addressed the standard of appellate review for trial questions involving guilt beyond a reasonable doubt. The case addressed only what was reasonable in the context of probable cause determinations.

The Commonwealth relies on the Supreme Court's "entirely reasonable inference" comment, and couples it with the Virginia Supreme Court's Hudson decision, to argue the scope of appellate review on issues involving the sufficiency of circumstantial evidence to prove guilt beyond a reasonable doubt has been greatly narrowed. By it own terms, however, Hudson does not support the Commonwealth's position. The Court explained in Hudson, "The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." 265 Va. at 513, 578 S.E.2d at 785.

The issue before the Hudson Court was whether the Court of Appeals properly found "the Commonwealth's evidence fail[ed] to exclude all reasonable hypotheses of innocence." Id. The Supreme Court, in reversing this Court, noted that we gave credence to the defendant's testimony and his interpretation of the evidence and ignored the prosecution's evidence. Id. at 514, 578 S.E.2d at 786. In this context, the Supreme Court held:

> The issue upon appellate review is not whether "there is some evidence to support" these hypotheses [of innocence]. The issue is whether a reasonable jury, upon consideration of all the evidence, could have rejected Hudson's theories in his defense *and* found him guilty of murder beyond a reasonable doubt.

- 4 -

Id. at 513, 578 S.E.2d at 785 (emphasis added). The Supreme Court found this Court did not follow the traditional standard of appellate review because it ignored the credibility determinations of the fact finder regarding Hudson's evidence. Id. at 514, 578 S.E.2d at 786. Hudson did not alter the traditional standards of appellate review. It simply discussed appellate review of a defendant's theory of the case.

We see nothing in Hudson that changes the standards appellate courts use to evaluate the sufficiency of circumstantial evidence to prove guilt. The Supreme Court of Virginia has consistently evaluated the sufficiency of circumstantial cases presented by the Commonwealth:

> It suffices to say that if the proof relied upon by the Commonwealth is wholly circumstantial, as it here is, then to establish guilt beyond a reasonable doubt all necessary circumstances proved must be consistent with guilt and inconsistent with innocence. They must overcome the presumption of innocence and exclude all reasonable conclusions inconsistent with that of guilt. To accomplish that, the chain of necessary circumstances must be unbroken and the evidence as a whole must satisfy the guarded judgment that both the corpus delicti and the criminal agency of the accused have been proved to the exclusion of any other rational hypothesis and to a moral certainty. Yet what inferences are to be drawn from proved facts is within the province of the [fact finder] and not the court so long as the inferences are reasonable and justified.

La Prade v. Commonwealth, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950) (emphasis added). If a defendant argues that the Commonwealth has not met its burden to prove the elements of a crime, appellate courts must consider whether the evidence and the reasonable inferences therefrom, examined in the light most favorable to the Commonwealth, justify a finding of guilt beyond a reasonable doubt. Pringle and Hudson did not change this time-honored standard. While great deference is paid to the fact finder, appellate courts do not capitulate to every factual finding of the lower courts. See, e.g., Jackson v. Commonwealth, ___ Va. ___, 2004 Va. LEXIS 74, *23 (April 23, 2004) (finding the trial court erred in refusing to suppress evidence seized after the police stopped a car where "no evidence" supported the inference that the informant

- 5 -

was a concerned citizen making a report based on first-hand knowledge); White v. Commonwealth, 267 Va. 96, 105-06, 591 S.E.2d 662, 668 (2004) (overturning an escape conviction because the evidence did not support the finding that White was in custody when he fled).

### B. Possession of a Firearm by a Felon

Appellant contends no evidence indicated he knowingly and intelligently exercised dominion and control over the weapon. We agree that the evidence was insufficient to prove appellant possessed either of the two weapons found by the deputy.

To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). However, mere proximity to a controlled item, such as a gun or narcotics, is not legally sufficient by itself to establish dominion and control. Wright v. Commonwealth, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977); Fogg v. Commonwealth, 216 Va. 394, 395, 219 S.E.2d 672, 673 (1975). For example, proof that illegal narcotics were "found in [the] premises or a vehicle owned or occupied by the [accused] is insufficient, standing alone, to prove constructive possession." Powers, 227 Va. at 476, 316 S.E.2d at 740.

We find Hancock v. Commonwealth, 21 Va. App. 466, 465 S.E.2d 138 (1995), is instructive here. Hancock was seated behind the driver in the backseat of a car stopped by police. Id. at 468, 465 S.E.2d at 139. After Hancock exited the vehicle, the police noticed a gun on the floorboard under the driver's seat. Id. The officer testified he could not see the gun until Hancock stepped out of the car because "'his feet were on top of it.'" Id. Additionally, the car

was stopped at night, so the lighting precluded a clear view of the gun.  Id. at 472, 465 S.E.2d at 141.  We reversed Hancock's conviction, noting:

> No evidence established that Hancock ever held the firearm, saw it, knew it was present, or exercised any dominion and control over it.  See Powers, 227 Va. at 476, 316 S.E.2d at 740.  The facts established no more than a mere suspicion that the firearm was possessed by Hancock or that he knew the firearm was under the driver's seat.  The evidence must rise beyond "the realm of probability and supposition."  Hall v. Commonwealth, 225 Va. 533, 537, 303 S.E.2d 903, 905 (1983).  "'Circumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a [guilty] verdict . . . beyond a reasonable doubt.'"  Crisman [v. Commonwealth], 197 Va. [17,] 21, 87 S.E.2d [796,] 799 [(1955)] (quoting Powers v. Commonwealth, 182 Va. 669, 676, 30 S.E.2d 22, 25 (1944)).  Proof that the firearm was located close to Hancock was not sufficient to prove the elements of the offense beyond a reasonable doubt.  See Jones v. Commonwealth, 17 Va. App. 572-74, 439 S.E.2d 863, 864 (1994).

Id. at 472, 465 S.E.2d at 141-42.

The Commonwealth here presented no evidence that appellant knew the weapon was hidden in the blanket.  It is uncontroverted that the gun was hidden from sight.  Deputy Sheriff Ford characterized the floorboard where the blanket with the .32 revolver was found as an "upheaval of junk."  Appellant made no furtive gestures toward the firearm nor were there any acts, statements, or conduct indicating appellant exercised dominion and control over the firearm.  The evidence proved only that appellant was an occupant of a vehicle and in close proximity to a hidden revolver.  This circumstantial evidence is legally insufficient to prove possession.  See Powers, 227 Va. at 476, 316 S.E.2d at 740; Hancock, 21 Va. App. at 472, 465 S.E.2d at 141-42.  The fact finder unreasonably inferred appellant possessed the revolver.

This analysis also applies to possession of the .22 Ruger.  Appellant did nothing to suggest he knew about the gun.  The deputy found this gun even further away from appellant, outside the truck and over sixty feet away from where appellant sat.  Additionally, the gun was not found until the next day.  Again, appellant did nothing to suggest he had any knowledge of,

or dominion or control over, the gun. Governed by the standard of review, we conclude no rational fact finder could have found beyond a reasonable doubt that appellant "was aware of both the presence and character of the [firearms] and that [they were] subject to his dominion and control." Powers, 227 Va. at 476, 316 S.E.2d at 740.

C.  Grand Larceny

Appellant contends the grand larceny charge fails as well. The Commonwealth, in prosecuting the grand larceny charge, relied on the inference that "[o]nce the crime is established, the unexplained possession of recently stolen goods permits an inference of larceny by the possessor." Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987). As the evidence here did not prove appellant possessed the stolen gun, this inference cannot support the theft conviction.

Additionally, the Commonwealth argues appellant aided and abetted the driver who stole, possessed, and disposed of the .22 Ruger. However, "suspicion or even probability of guilt is not sufficient. There must be an unbroken chain of circumstances 'proving the guilt of the accused to the "exclusion of any other rational hypothesis and to a moral certainty."'" Gordon v. Commonwealth, 212 Va. 298, 300, 183 S.E.2d 735, 737 (1971) (quoting Brown v. Commonwealth, 211 Va. 252, 255, 176 S.E.2d 813, 815 (1970)). On appellate review, the issue is whether a reasonable jury, upon consideration of all the evidence in the light most favorable to the Commonwealth and the reasonable inferences therefrom, could have found the accused guilty beyond a reasonable doubt. Hudson, 265 Va. at 513-14, 578 S.E.2d at 785-86. We believe the evidence was insufficient as a matter of law to prove appellant guilty of grand larceny.

As discussed above, nothing links appellant to the stolen firearm found outside the truck. He made no motions suggesting he threw the weapon out of the truck nor did he say anything

suggesting he had knowledge of the gun or its theft. Appellant, a paraplegic, simply remained a passenger in a truck that drove through a stop sign and then tried to elude an officer. Although the fact finder concluded the stolen .22 Ruger was in the vehicle, no evidence supports that conclusion nor is it a reasonable inference from the facts. The stolen gun was never seen in the truck or in appellant's possession. The deputy did not find the gun in the yard until the next day. See Gordon, 212 Va. at 301, 183 S.E.2d at 737 (finding the Commonwealth failed to exclude all reasonable hypotheses of innocence where "a break in the chain" occurred when no one testified observing Gordon dispose of the drugs in the public area where the police recovered the narcotics).

Even if the evidence allowed the inference that the stolen gun was in the truck at some point, that fact does not prove beyond a reasonable doubt that appellant acted as a principal in the second degree when Mays stole the gun.[2]

> While mere presence during the commission of a crime is not sufficient to convict a person as a principal in the second degree, the Supreme Court of Virginia held:
>
> "it is certain that proof that a person is present at the commission of a crime without disapproving or opposing it, is evidence from which, in connection with other circumstances, it is competent for the jury to infer that he assented thereto, lent to it his countenance and approval, and was thereby aiding and abetting the same."
>
> Foster v. Commonwealth, 179 Va. 96, 100, 18 S.E.2d 314, 316 (1942) (citations omitted).

Hampton v. Commonwealth, 32 Va. App. 644, 648-49, 529 S.E.2d 843, 845 (2000). However, here we have neither proof that the appellant failed to oppose the theft nor proof of other circumstances upon which to find he acted as a principal in the second degree.

---

[2] We assume without deciding, for purposes of this discussion, that the driver stole the .22 Ruger.

In <u>Pugliese v. Commonwealth</u>, 16 Va. App. 82, 86, 428 S.E.2d 16, 20 (1993), Pugliese admitted he was present in the van where Davis shot and killed a man. Pugliese remained in the van while Davis disposed of the body. <u>Id.</u> Later, the defendant took some of the dead man's money and assisted Davis in disposing of the van. <u>Id.</u> at 86-87, 428 S.E.2d at 20-21. The jury found Pugliese guilty of murder as a principal in the second degree. This Court found the evidence was sufficient to support that conviction. <u>Id.</u> at 92-95, 428 S.E.2d 24-25.

Clearly, "other circumstances" were present in <u>Pugliese</u> in addition to the accused's presence and failure to oppose the criminal act. In this case, however, no "other circumstances" are present. No evidence proved appellant participated in the theft of the weapon or aided and abetted Mays by inciting, encouraging, advising, or assisting him either immediately before or after the crime. No evidence proved appellant was a "look-out." No evidence even proved the theft occurred while appellant was with the driver. No evidence proved appellant shared the driver's criminal intent. We conclude the Commonwealth did not prove appellant aided and abetted the driver in the commission of the theft.

CONCLUSION

We find the trial court erred in finding the evidence sufficient beyond a reasonable doubt to convict appellant of grand larceny and possession of a firearm by a felon. We, therefore, overturn and dismiss the convictions.

<u>Reversed and dismissed.</u>