COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Frank, Humphreys and Huff
Argued at Richmond, Virginia


JAMES CLELAN MASSA

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1429-11-2                      JUDGE ROBERT P. FRANK
                                                    SEPTEMBER 25, 2012
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
                          Leslie M. Osborn, Judge

            Buddy A. Ward, Public Defender (Office of the Public Defender, on
            brief), for appellant.

            John W. Blanton, Assistant Attorney General (Kenneth T. Cuccinelli,
            II, Attorney General, on brief), for appellee.


        Appellant, James Clelan Massa, was convicted, in a bench trial, of grand larceny in

violation of Code § 18.2-95, and possession of a concealed weapon by a felon, in violation of

Code § 18.2-308.2.  On appeal, he contends the evidence was insufficient to sustain each

conviction.  He also argues that while he did not preserve the concealed weapon challenge

below, the ends of justice requires us to consider that issue for the first time on appeal.  For the

reasons stated, we affirm.

                                      BACKGROUND

        On November 30, 2010, P.W. overheard appellant, who lived at her house, speaking

angrily on the telephone to a man who owed him money.  P.W. went to bed around 10:00 p.m.

that evening.  When she awoke to barking dogs later in the night, she discovered her .22 caliber

rifle was missing from her gun rack in her bedroom.  She called 911 to report the gun missing.

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

P.W. had not given appellant permission to take her rifle that evening. She testified that in a later phone conversation with her, appellant told her not to worry, that "he had told the police that he had taken the gun without [her] permission."

Appellant left the house with the rifle intending to confront the man who owed him money. As he was driving, he saw police lights. Knowing he should not have been driving, he attempted to elude the police. The pursuit ended with police using "stop strips" which caused appellant to lose control of his vehicle and crash into the road embankment. Appellant fled the scene, leaving the rifle in the car.

Special Agent Kevin George of the Virginia State Police responded to the accident. He inspected the crashed vehicle and located the .22 caliber rifle in the back seat. His investigation led him to P.W.'s house, where he informed P.W. that he found her rifle. George ultimately located appellant hiding in a closet in a residence adjacent to P.W.'s house. Upon searching appellant, George recovered three folding knives from appellant's right front pocket of his pants.

The first folding knife has a camouflage grip with a manual locking mechanism holding the blade in place. From handle to the tip of the blade is seven inches. The second folding knife has a serrated blade with a straight tip point. The grip is molded "such that the forefinger and the adjoining fingers and the pinkie fit in smoothly." From handle to tip is nine and one half inches, with the blade itself extending five and one half inches. The smallest knife is a box cutting type of knife with an inserted razor blade.

At the close of the evidence, appellant moved to strike the evidence as to the grand larceny but not as to the concealed weapon. The trial court overruled the motion and convicted appellant of grand larceny and possession of a concealed weapon by a convicted felon.

This appeal follows.

ANALYSIS

Grand Larceny

When considering on appeal the sufficiency of the evidence presented below, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002). This means the verdict cannot be overturned on appeal unless no "'rational trier of fact'" could have come to the conclusion it did. Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Under this standard, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Myers v. Commonwealth, 43 Va. App. 113, 118, 596 S.E.2d 536, 538 (2004) (citation omitted and emphasis in original). "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Id. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

Larceny, a common law crime, is the wrongful or fraudulent taking of another's property without the owner's permission and with the intent to permanently deprive the owner of that property. Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998). Larcenous intent "may, and often must, be inferred from that person's conduct and statements." McEachern v. Commonwealth, 52 Va. App. 679, 684, 667 S.E.2d 343, 345 (2008) (citations omitted). "[T]here is not one case in a hundred where the felonious intent in the original taking can be proved by direct evidence. From the nature of the case, intent, generally, must be inferred from

- 3 -

circumstances." Skeeter v. Commonwealth, 217 Va. 722, 726, 232 S.E.2d 756, 759 (1977). Absent countervailing evidence of an intention otherwise, "the wrongful taking of the property in itself imports the *animus furandi*." McEachern, 52 Va. App. at 685, 667 S.E.2d at 346. "In other words, the very existence of a trespassory taking permits the inference (unless other circumstances negate it) that the taker intended to steal the property." Id. "'When one wrongfully takes property of another with intent to deprive the owner thereof, *larceny is complete*, though the accused afterwards abandons it.'" Id. at 688, 667 S.E.2d at 347 (quoting Slater v. Commonwealth, 179 Va. 264, 267, 18 S.E.2d 909, 911 (1942) (emphasis added in original)).

Appellant argues that the evidence before the trial court suggested that he was intending to use the rifle for the specific purpose of threatening the man who owed him money, and then return the gun to where he found it. Had he returned home without incident, reasons appellant, he would have returned the gun without the owner ever knowing he borrowed it. We find this argument unavailing.

It is elementary that where, as here, the statute makes an offense consist of an act combined with a particular intent, proof of such intent is as necessary as proof of the act itself and must be established as a matter of fact. Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975).

The Commonwealth argues that this case is controlled by Webb v. Commonwealth, 122 Va. 899, 94 S.E. 773 (1918). We agree. There, Webb took a horse during the night that did not belong to him. He was arrested while riding the horse to a neighboring town to visit a young lady. At trial, he claimed that he was "merely taking a ride" and intended to return the horse before daylight. Id. at 901, 94 S.E. at 774. The Supreme Court of Virginia stated that in order to prove larceny, the Commonwealth must show that the taking was done with no intention to

return the horse; that the intent was to deprive the owner thereof permanently. Id. at 904, 94 S.E. at 775. Whether or not there was such intent was a question of fact for the determination of the fact finder. Id. In affirming Webb's conviction for larceny, the Court stated that the horse had been taken "secretly and clandestinely" in the nighttime and that "no act had been done by the accused down to the time of his arrest to indicate a purpose to restore it to the owner." Id.

We find the reasoning in Webb persuasive. The evidence here proved that appellant secretly took the rifle without P.W.'s permission after she had fallen asleep. He purposefully engaged the police in a high speed chase that resulted in him losing control of his vehicle. Fleeing the scene of accident, he abandoned the stolen rifle. Although appellant returned to P.W.'s residence, he did so without the gun. He then hid from the police in a neighbor's closet. Subsequently, appellant admitted to P.W. that he took her gun without permission. Nothing in the record suggests that appellant intended to return the gun. To the contrary, the evidence showed that he abandoned the gun and never expressed any intent to return to the accident scene and retrieve the rifle from the wrecked vehicle. As in Webb, the fact finder properly concluded that appellant had no intent to return the rifle to its owner.

Weapons - Ends of Justice

Appellant argues that the trial court erred in finding that any of the three knives in appellant's possession was a weapon as defined, described, and prohibited by Code § 18.2-308.

In a bench trial, at the conclusion of all the evidence, the defendant must make a motion to strike, present an appropriate argument in summation, or make a motion to set aside the verdict, in order to preserve the question of the sufficiency of the evidence. Howard v. Commonwealth, 21 Va. App. 473, 478, 465 S.E.2d 142, 144 (1995).

Rule 5A:18 states: "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

Appellant did not make a motion to strike the charge of possessing a concealed weapon by a convicted felon. In his final argument, appellant only addressed the grand larceny charge, not the concealed weapon charge. Appellant concedes on brief that he did not raise this specific point but contends the issue of the knives was preserved when the Commonwealth argued that the folding knives were included in Code § 18.2-308.[1] Appellant cites no cases, nor do we find any, where the prosecution's closing argument preserves an issue pursuant to Rule 5A:18. The fact that the prosecution argued and the trial court ruled on the issue does not state an objection by appellant or put the issue in controversy.

Accordingly, we find appellant did not preserve this issue. See Rule 5A:18. Applying Rule 5A:18, we have held "this Court 'will not consider an argument on appeal [that] was not presented to the trial court.'" Farnsworth v. Commonwealth, 43 Va. App. 490, 500, 599 S.E.2d 482, 487 (2004) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998)).

Appellant contends the ends of justice exception to Rule 5A:18 enables this Court to consider his issues on appeal.

"'The ends of justice exception is narrow and is to be used sparingly'" when an error at trial is "'clear, substantial and material.'" Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10-11 (1989)). "In order to show that a miscarriage of justice has occurred, an appellant must demonstrate more than that the Commonwealth failed to prove an element of the offense." Id. at

---

[1] At oral argument, appellant recognized that this issue was not raised in the trial court.

221, 487 S.E.2d at 272-73. Rather, the "appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." Id. at 222, 487 S.E.2d at 273. Therefore, "'[i]n examining a case for miscarriage of justice, we do not simply review the sufficiency of the evidence under the usual standard, but instead determine whether the record contains affirmative evidence of innocence or lack of a criminal offense.'" Wheeler v. Commonwealth, 44 Va. App. 689, 692, 607 S.E.2d 133, 135 (2005) (quoting Lewis v. Commonwealth, 43 Va. App. 126, 134, 596 S.E.2d 542, 546 (2004), rev'd on other grounds, 269 Va. 209, 608 S.E.2d 907 (2005)). The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant.

We cannot consider the merits of every improperly preserved sufficiency of the evidence appeal unless there is some reason beyond mere insufficiency that invokes the ends of justice exception. Redman, 25 Va. App. at 221, 487 S.E.2d at 272. "Any other rule would obliterate our rules requiring a motion to strike." Brittle v. Commonwealth, 54 Va. App. 505, 514, 680 S.E.2d 335, 340 (2009).

To convict appellant under Code § 18.2-308.2(A), the Commonwealth must prove, *inter alia*, that the knife appellant possessed is one of the statutorily proscribed items or a "weapon of like kind." Code § 18.2-308.2(A); McMillan v. Commonwealth, 55 Va. App. 392, 396, 686 S.E.2d 525, 527 (2009).

Appellant had three knives in his pocket when he was arrested. He does not challenge the fact that he possessed the knives or that they were concealed. Appellant contends he was convicted of an act that is not a crime, specifically, that it is not a crime for him to carry the specific weapons he possessed. This argument misses the mark because it is premised on the Commonwealth's failure to prove an element of the crime, namely, that the knives in question were not of "like kind" to those enumerated weapons in Code § 18.2-308. He does not claim

- 7 -

there was affirmative evidence that an element of the crime did not occur; his argument is one of proof, not whether a crime occurred.

The evidence at trial established that one knife had a seven-inch blade and one knife has a nine-and-one-half inch serrated blade. The trial court found that at least one of these knives met the criteria of a "like kind," therefore establishing that the Commonwealth met its burden of proving every element of the offense. Indeed, we find no evidence in the record, nor argument presented to the trial court, that affirmatively established that an element of the offense did not occur.

## CONCLUSION

For the foregoing reasons, we find that the trial court did not err in finding appellant guilty of grand larceny. We further find that appellant has not shown that the ends of justice exception to Rule 5A:18 should apply to his conviction for possession of a concealed weapon by a convicted felon, and we decline to consider the sufficiency of that conviction on appeal.

Appellant's convictions are affirmed.

Affirmed.