COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Petty and Senior Judge Bumgardner
Argued at Chesapeake, Virginia

JESSICA JOHNSON

v.      Record No. 1358-13-2

COMMONWEALTH OF VIRGINIA                    MEMORANDUM OPINION[*] BY
                                                JUDGE ROBERT P. FRANK
CODARRELL LEE YATES                              AUGUST 19, 2014

v.      Record No. 1666-13-2

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
                              Paul W. Cella, Judge

            (Marlene A. Harris, on brief), for appellant Jessica Johnson.
            Appellant Jessica Johnson submitting on brief.

            Calvin S. Spencer, Jr. (Harris, Matthews & Crowder, P.C., on brief),
            for appellant Codarrell Lee Yates.

            Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
            Herring, Attorney General, on brief), for appellee.


        Jessica Johnson and Codarrell Lee Yates,[1] appellants, were convicted, in a bench trial, of

burglary, in violation of Code § 18.2-91, and grand larceny, in violation of Code § 18.2-95.  On

appeal, they contend the evidence is insufficient to support these convictions because the

Commonwealth presented no evidence that they entered the victim's house or that they illegally

came into possession of the television sets.  Johnson further contends that there is no evidence that

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] For purposes of this opinion, this Court has consolidated the cases of Jessica Johnson
and Codarrell Lee Yates.  Appellants were co-defendants at trial, the facts of both cases are
identical, the issues on appeal are the same, and the resolution of the cases is the same.

the burglary occurred, or that the larceny occurred simultaneously with a burglary. For the reasons stated, we affirm the judgment of the trial court.

BACKGROUND

After being out of town for three days, the victim arrived home on the morning of November 13, 2012 to discover his house had been burglarized. He determined that two television sets and a compact disc player were missing. He testified that the bedroom window had been jarred and looked as if it had been raised up. When he left several days earlier, the window had been secured.

On November 13, 2012, the same day the victim returned home, Johnson drove Yates to a towing company to retrieve his car. Yates offered the owner, Tyree Smith, two television sets to satisfy the $275 towing bill. Smith observed the televisions, which were located in the trunk of the car Johnson was driving. When Smith refused, Yates asked if Smith knew anyone interested in buying the televisions. Yates left his telephone number with Smith.

Smith then contacted the Sheriff's office.[2] At the Sheriff's instruction, Smith called Yates and arranged for the purchase of a television. Yates and Johnson returned to Smith's shop and sold a flat screen television to Smith. The victim later identified the television by the serial number as the television stolen from his house. While Smith could not recall the date of the incident at Smith's shop, Deputy Scruggs testified it occurred on November 13, 2012.

Upon her arrest, Johnson told the deputy she had purchased the televisions from a "Johnny" on November 11, 2012 at a card party held at her friend's house. Johnson's friend, Angelique Creel, corroborated Johnson's explanation of how she acquired the televisions.

---

[2] Deputy Scruggs testified that he received the initial phone call from the Virginia State Police, not Smith.

The trial court, in finding appellants guilty of the two offenses, recognized several discrepancies in Smith's testimony, but found that appellants were in recent possession of the two television sets stolen from the victim's home. The court rejected the testimony of Creel and Johnson, characterizing that testimony as "highly implausible" and "a fabrication."

These appeals follow.

## ANALYSIS

In challenging the sufficiency of the evidence, appellants contend there is no evidence they actually participated in the burglary. They challenge the credibility of Smith and argue there was credible testimony that Johnson lawfully obtained the televisions. Essentially, appellants attack the trial court's factual findings and reasonable inferences drawn from the evidence.

When considering on appeal the sufficiency of the evidence presented below, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002). This means the verdict cannot be overturned on appeal unless no "'rational trier of fact'" could have come to the conclusion it did. Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (en banc) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Under this standard, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Myers v. Commonwealth, 43 Va. App. 113, 118, 596 S.E.2d 536, 538 (2004) (citation omitted and emphasis in original). It asks instead whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Id. at

257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319).  Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ.  Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

Further, a fact finder's resolution of conflicting facts, as well as competing inferences, receives "the highest degree of appellate deference."  Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006).

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).  The trier of fact is not required to accept a witness' testimony, but instead is free to "rely on it in whole, in part, or reject it completely."  Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).

"There is no distinction in the law between the weight or value to be given to either direct or circumstantial evidence."  Muhammad v. Commonwealth, 269 Va. 451, 479, 619 S.E.2d 16, 31-32 (2005), cert. denied, 547 U.S. 1136 (2006).  The Virginia Supreme Court has held that "'circumstantial evidence is competent and is entitled to as much weight as direct evidence[,] provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'"  Finney v. Commonwealth, 277 Va. 83, 89, 671 S.E.2d 169, 173 (2009) (quoting Dowden v. Commonwealth, 260 Va. 459, 468, 536 S.E.2d 437, 441 (2000)). Furthermore, circumstantial evidence "is not viewed in isolation."  Muhammad, 269 Va. at 479, 619 S.E.2d at 32.  "While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion."  Id. (citation omitted).

- 4 -

"The unexplained possession of recently stolen goods permits the fact finder to infer that the possessor is the thief." Archer v. Commonwealth, 26 Va. App. 1, 13, 492 S.E.2d 826, 832 (1997). In certain circumstances, the same inference can extend to proving a charge of breaking and entering. "The guilt of one breaking into a building may be established by circumstantial evidence. Direct testimony on the part of someone who saw him in the commission of the act or near the scene of the crime is not necessary, and it is unusual in cases of this character." Fout v. Commonwealth, 199 Va. 184, 189, 98 S.E.2d 817, 821 (1957).

> "[W]hen evidence has been introduced, which, if believed, establishes that a house has been broken and entered and goods stolen therefrom, and warrants an inference beyond a reasonable doubt that the breaking and entering and the larceny of the goods were committed at the same time, by the same person or persons, as a part of the same transaction, upon principle and authority, the exclusive possession of the stolen goods shortly thereafter, unexplained or falsely denied, has the same efficiency to give rise to an inference that the possessor is guilty of the breaking and entering as to an inference that he is guilty of the larceny."

Id. at 190-91, 98 S.E.2d at 822 (quoting Drinkard v. Commonwealth, 163 Va. 1074, 1083, 178 S.E. 25, 28 (1935)). "One can be in exclusive possession of an item when he jointly possesses it with another." Best v. Commonwealth, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981).

Here, appellants had possession of the stolen televisions within, at most, three days of the burglary. Further there was evidence that a burglary occurred and that the items in appellants' possession were stolen during the burglary. The window to the victim's residence had been "jarred" and appeared to have been raised. The fact that no physical evidence linked appellants to the burglary is not relevant. The inference controls.

"Whether the recent possession was sufficient to find a defendant guilty of the larceny-related offense is within the province of the fact finder." Montague v. Commonwealth, 40 Va. App. 430, 438, 579 S.E.2d 667, 671 (2003). Further, credibility of the witnesses is for the fact finder to determine. In characterizing the testimony of Johnson and Creel as a "fabrication," the trial court

rejected the explanations as to how appellants legitimately came into possession of the television sets. Having discarded this evidence, the trial court was left with evidence that established appellants' unexplained possession of recently stolen property, thus giving rise to the inference that they are guilty of larceny and burglary. By rejecting Johnson's and Creel's testimony, the trial court necessarily found possession was falsely denied.

Johnson further argues that there was insufficient evidence to prove a breaking and entering occurred. We disagree. As discussed earlier, the victim testified that upon arriving home he observed that his bedroom window "looked like it had been jarred and looked like it had been raised up some. It didn't look like that when I left." He further testified that the window had a small crack in it, that it did not have a lock, and that the window was closed when he left home. From this evidence, the trial court could reasonably conclude that someone raised the unlocked window and used the window to gain entry into the home.

Finally, Johnson argues that the Commonwealth failed to prove that the larceny occurred simultaneously with the burglary. Again, we reject this argument. The evidence established that the victim was gone for three days and that a burglary occurred during that time. Upon arriving home, the victim "looked around" and "noticed the stuff was missing." One of the missing items was a large screen television set that had been located in his living room, having been viewed, or at least noticed, by the victim on a daily basis. The trial court could reasonably conclude that the victim would have noticed if this large television was missing at the time he left his residence, leading to the undeniable conclusion that it was taken, along with the other items, while the victim was away. Therefore, the evidence in this case "warrants an inference beyond a reasonable doubt that the breaking and entering and the larceny of the goods were committed at the same time." Fout, 199 Va. at 190-91, 98 S.E.2d at 822.

We conclude the trial court did not err in convicting appellants of burglary and grand larceny.  The judgment of the trial court is affirmed.

<u>Affirmed.</u>