COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Ortiz, Frucci and Bernhard

TRACEY ONEIL FELLS

                                                    MEMORANDUM OPINION*
v.       Record No. 0649-24-4                            PER CURIAM
                                                         MAY 6, 2025
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                          Lisa B. Kemler, Judge

            (Joseph D. King; King, Campbell, Poretz & Mitchell PLLC, on
            brief), for appellant.

            (Jason S. Miyares, Attorney General; Katherine Quinlan Adelfio,
            Senior Assistant Attorney General, on brief), for appellee.


        A jury convicted Tracey Oneil Fells of possession of a firearm after having been

convicted of a felony offense. The circuit court sentenced him to three years of incarceration

with all but seven months suspended. Fells now appeals, challenging the sufficiency of the

evidence. For the following reasons, we affirm the circuit court's judgment. After examining the

briefs and record in this case, the panel unanimously holds that oral argument is unnecessary

because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

                                   BACKGROUND

        On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth."

*Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v.*

*Hudson*, 265 Va. 505, 514 (2003)). That principle requires us to "discard the evidence of the

accused in conflict with that of the Commonwealth, and regard as true all the credible evidence

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

On March 6, 2022, Fells drove a minivan into the parking area of a gas station. The minivan had a rear Virginia license plate but did not have a front license plate. Having observed this, Detective Isaacs, of the City of Alexandria Police Department, ran the license plate number on the rear plate and discovered that the plate "came back as stolen" and did not match the minivan. Furthermore, the minivan showed up in his search as being unregistered. In light of this information, Detective Isaacs and Officer Hughes "conducted a high-risk stop" of Fells while he was at the gas pumps. Fells asked Detective Isaacs "what was going on," and Detective Isaacs told him that "the license plate was stolen." Fells responded that "he was aware that one of the license plates was stolen and [that] he [had] reported that in D.C." Fells also claimed that "there was a title to the vehicle that showed his wife owned it." Detective Isaacs and Officer Hughes could not locate this paperwork or any other documents establishing ownership of the vehicle.

Detective Isaacs decided to tow the vehicle and conducted an inventory search. He located a firearm under a floormat behind the driver's seat. Though he did not measure the distance between the driver's seat and the firearm, Detective Isaacs saw that they were "within an arm's length" apart and sat in the front seat of the vehicle to confirm that the firearm could be reached by an individual in the driver's seat. After informing Fells of his *Miranda*[1] rights, Detective Isaacs asked Fells if "he was a convicted felon." Fells "said he was."[2] When Detective Isaacs "confronted him about the firearm," Fells said, "what about it?" Then Detective Isaacs asked Fells "why he had

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] Fells had previously been convicted of a felony in a federal district court.

the gun and where he got it from." Fells "wouldn't tell [him] that." However, Fells "stated that he had his rights restored and he was allowed to vote and carry a firearm."[3]

At trial, after the Commonwealth presented its case, Fells moved to strike the charge. He then renewed his motion after presenting his case. Fells asserted that the Commonwealth failed to prove that he possessed the firearm that Detective Isaacs found in the vehicle. Fells noted that the firearm was not in plain view but contended that his statements to Detective Isaacs were not an admission that he knew that the firearm was under the floormat. The circuit court denied his motions, finding that the jury reasonably could find that Fells's statements were "an indication of knowledge" that when considered alongside his sole occupancy of the vehicle was sufficient to establish that Fells possessed the firearm. Following, the jury convicted Fells. This appeal follows.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted

---

[3] During the trial, the circuit court took judicial notice, without objection, that "[u]nder federal law, state courts cannot remove the disability to possess a firearm that results from a federal felony conviction" and that "[a]t present time there is not a current operational method by which an individual convicted of a federal felony can have their rights to possess a firearm restored."

to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

To convict a defendant of unlawfully possessing a firearm,[4] "the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the [firearm] and that the accused consciously possessed it." *Yerling v. Commonwealth*, 71 Va. App. 527, 532 (2020). *See Myers v. Commonwealth*, 43 Va. App. 113, 122 (2004). "Possession and not ownership is the vital issue." *Smallwood v. Commonwealth*, 278 Va. 625, 631 (2009) (quoting *Burnette v. Commonwealth*, 194 Va. 785, 792 (1953)). In proving possession, as with any other element, "circumstantial evidence is competent and is entitled to as much weight as direct evidence[,] provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Finney v. Commonwealth*, 277 Va. 83, 89 (2009) (alteration in original) (quoting *Dowden v. Commonwealth*, 260 Va. 459, 468 (2000)).

Further, "[p]roof of actual possession is not required; proof of constructive possession will suffice." *Yerling*, 71 Va. App. at 532 (quoting *Walton v. Commonwealth*, 255 Va. 422, 426 (1998)); *see Bolden v. Commonwealth*, 275 Va. 144, 148 (2008). The Commonwealth proves that a defendant constructively possessed a firearm by establishing "acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control." *Bolden*, 275 Va. at 148 (quoting *Rawls v. Commonwealth*, 272 Va. 334, 349 (2006)). "While the Commonwealth does not meet its burden of proof simply by showing the defendant's

---

[4] It is unlawful for "any person who has been convicted of a felony" to "knowingly and intentionally possess or transport any firearm." Code § 18.2-308.2. Notwithstanding his statements to Detective Isaacs, Fells has never contested that he was barred from possessing a firearm.

proximity to the firearm, it is a circumstance probative of possession and may be considered as a factor in determining whether the defendant possessed the firearm." *Id. See Hall v. Commonwealth*, 69 Va. App. 437, 448 (2018) (holding that "ownership or occupancy of premises on which the [firearm] is found" and "proximity to" the firearm "are probative factors to be considered in determining whether the totality of the circumstances supports a finding of possession").

In the case at hand, the Commonwealth established that Fells was the driver and sole occupant of the minivan in which a firearm was found under a floormat within reach of the driver's seat. Although these factors do not conclusively establish that he possessed the firearm, they are probative of a finding that he did so. *See Hall*, 69 Va. App. at 448. Moreover, the jury could consider Fells's statements to Detective Isaacs as additional evidence that he was aware of the character and presence of the firearm. Fells initially acknowledged to Detective Isaacs that he was a convicted felon. When Detective Isaacs asked Fells about the firearm, Fells did not exercise his right to remain silent nor did he deny knowing that the firearm was under the floormat. After initially responding "what about it" to Isaacs's inquiry, Fells then told the officer that he was "allowed to . . . carry a firearm" because his civil rights had been restored. Although Fells did not expressly admit that he possessed the firearm, a jury viewing his statements in the light most favorable to the Commonwealth was entitled to infer from this statement that he did so.

Fells contends that Detective Isaacs's questions were "biased" and that his "non-specific statements trying to deflect the detective's accusations should not be equated to" an admission that he possessed the firearm. But the jury heard Detective Isaacs's testimony regarding the circumstances surrounding his questions and Fells's responses. Thus, it was for the jury as the fact finder, not this Court, to consider these factors in weighing the probative value of Fells's

statements. A jury considering these statements alongside Fells's sole occupancy of the vehicle and proximity to the firearm could find beyond a reasonable doubt that he possessed it. *See Durham v. Commonwealth*, ___ Va. ___, ___ (Aug. 1, 2024) (holding that the defendant's proximity to the firearm, considered alongside other factors, "provide[d] a factual foundation sturdy enough to support a finding that he constructively possessed" it).

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*