COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Russell and Senior Judge Haley
Argued at Fredericksburg, Virginia


BRIAN CHARLES HENLEY

                                               MEMORANDUM OPINION* BY
v.        Record No. 0429-16-4                 JUDGE MARY GRACE O'BRIEN
                                               MAY 16, 2017
COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                            Jeffrey W. Parker, Judge

             Kevin J. Gerrity, Deputy Public Defender (Christopher Morehouse,
             Assistant Public Defender, on brief), for appellant.

             Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
             Herring, Attorney General, on brief), for appellee.


        Brian Charles Henley ("appellant") was charged with identity fraud, in violation of Code

§ 18.2-186.3, and assault and battery of a law enforcement officer, in violation of Code § 18.2-57.

Appellant filed a pretrial motion to suppress his statements to law enforcement officers.

Following a hearing, the court denied his motion. At trial, the court granted appellant's motion

to strike the evidence on the identity fraud charge. A jury convicted appellant of the remaining

charge of assault and battery of a law enforcement officer.

        Appellant asserts the following assignments of error:

             1.  The trial court erred in denying [a]ppellant's motion to
                 suppress by finding that [a]ppellant was not in custody at the
                 time of questioning by the three deputies thereby allowing the
                 deputies to continue to question him despite his request for
                 counsel.

             2.  The jury erred when it determined [a]ppellant to be guilty of
                 assault and battery of a law enforcement officer and not finding

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[a]ppellant used a reasonable amount of force to resist an illegal arrest.

BACKGROUND

On the evening of June 20, 2015, Lisa Davis, a paramedic, encountered appellant laying in the grass near an apartment building. Davis was concerned because appellant appeared "confused and groggy" and was unable to respond to questions. He struggled to sit up, and she testified that he appeared to have "an altered mental status." Davis called for police assistance.

Deputy Wesley Frost, Deputy Joy Weaver, and Corporal Steven Brubaker responded. Deputy Frost approached appellant, who was sitting on steps outside the apartment building, and asked "how he was doing." When appellant "looked up, he had dilated eyes, bloodshot eyes," and the deputy observed "a faint odor of alcoholic beverage coming from him." As Deputy Frost spoke with appellant, he noticed that his speech was slurred and that he had a "thousand-yard stare." Despite appellant's assertion that he "was fine," Deputy Frost asked him to write down his name, date of birth, and social security number to determine if there were any outstanding warrants or medical issues under appellant's name.

Appellant told the deputies that he wanted to call his attorney. The deputies permitted appellant to make the call, but he was unable to contact the attorney. The deputies reiterated their request for appellant's identifying information and appellant wrote down a name, social security number, and a phone number. The social security number was inaccurate.

Appellant attempted to enter the apartment building, but Corporal Brubaker followed him, touched him on the arm, and asked him to return outside. After the deputies confirmed that there were no active warrants for appellant, they asked him to perform a preliminary breath test. Because the test registered a blood alcohol content of .129, the deputies placed appellant under arrest for drunk in public and identity fraud for providing a false social security number.

As they attempted to walk appellant toward Deputy Frost's cruiser, appellant became disorderly. He made lewd comments to Corporal Brubaker, kicked him, and attempted to kiss him. As a result, appellant was charged with assault and battery on a law enforcement officer.

ANALYSIS

A. Assignment of Error 1 – Denial of Motion to Suppress

Appellant contends that he was subjected to a custodial interrogation after he requested counsel. He argues that "all statements made by [him] subsequent to requesting an attorney should be suppressed." Appellant does not specify what "statements" were incriminating and should be suppressed.

Appellant was only convicted of assault and battery on a law enforcement officer; the identity fraud charge was dismissed. Even assuming appellant's argument refers to the information he wrote at the officer's direction, which led to the identity fraud charge, those "statements" are not relevant to the assault and battery charge. Accordingly, as appellant conceded at oral argument, there were no incriminating statements to be suppressed by the trial court.

B. Assignment of Error 2 – Appellant's Right to Resist an Illegal Arrest

Appellant argues that the "jury erred" by failing to find that he was illegally arrested and therefore had a right to resist the arrest with reasonable force. Initially, we note that this Court only reviews errors of law, not errors of fact. The appellate court's "function is to review the rulings of the trial court." Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989).

Additionally, although appellant made a motion to strike, it was not based on his contention that he had the right to resist an illegal arrest. His sole argument was that the evidence was insufficient to prove assault and battery. At the conclusion of the evidence, he

renewed his motion to strike "on the same grounds." Further, appellant did not move to set aside the jury verdict after the trial concluded.

Because he did not specifically raise the issue before the trial court, appellant's assignment of error is barred by Rule 5A:18. Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*). "The same argument must have been raised, with specificity, at trial before it can be considered on appeal." Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004).

Appellant argues that he preserved the issue in his closing argument. He is incorrect. "[I]n a jury trial, the closing argument is addressed to the jury, not the trial judge, and does not require the trial judge to rule on the evidence as a matter of law. Only a motion to strike the evidence accomplishes that objective in a jury trial." Campbell v. Commonwealth, 12 Va. App. 476, 481, 405 S.E.2d 1, 3 (1991) (*en banc*). While appellant may have argued that he "rightfully resisted his illegal arrest with reasonable force" in his closing argument, his failure to raise the issue in his motion to strike bars him from raising the issue on appeal.

Finally, appellant requests that we consider the issue under the "ends of justice" exception to Rule 5A:18. We decline to do so because appellant has not demonstrated that a miscarriage of justice has occurred. See Redman v. Commonwealth, 25 Va. App. 215, 221-22, 487 S.E.2d 269, 272-73 (1997) (holding that in order to show a miscarriage of justice, appellant must demonstrate that he was convicted for conduct that was not a criminal offense or the record must affirmatively prove an element of the offense did not occur). The trial court found the

- 4 -

evidence sufficient and denied appellant's motion to strike the assault and battery charge. The jury likewise determined that the evidence was sufficient to find appellant guilty beyond a reasonable doubt. We find that this conclusion was not "plainly wrong or without evidence to support it," and therefore we will not apply the ends of justice exception to Rule 5A:18. See Davis v. Commonwealth, 39 Va. App. 96, 99-100, 570 S.E.2d 875, 877 (2002) (quoting Dodge v. Dodge, 2 Va. App. 238, 242, 343 S.E.2d 363, 365 (1986)).

Affirmed.